FILED
SEP 1 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARTIN F. WIESNER
1622 N. McKinley Rd. #5
Arlington, VA 22205
(703) 909-5055

        Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION
935 Pennsylvania Avenue, NW
Washington, DC 20535

and

CENTRAL INTELLIGENCE AGENCY
Washington, DC 20505

        Defendants.

Case: 1:07-cv-01599
Assigned To : Walton, Reggie B.
Assign. Date : 9/7/2007
Description: FOIA/Privacy Act

## COMPLAINT

1.    This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from plaintiff by defendant Federal Bureau of Investigation ("FBI"), and defendant Central Intelligence Agency ("CIA").

### Jurisdiction and Venue

2.    This court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district

1

under 5 U.S.C. § 552(a)(4)(B).

3. Plaintiff Martin F. Wiesner is a citizen of the United States of America, and a resident of the state of Virginia.

4. Defendant FBI is a component of the Department of Justice ("DOJ"). The DOJ is a Department of the Executive Branch of the United States Government, and an agency within the meaning of 5 U.S.C. § 552(f).

5. Defendant CIA is an independent agency of the United States Government. The CIA is an agency within the meaning of 5 U.S.C. § 552(f).

## Statement of Facts

6. On February 9, 2006, by separate letters to FBI and CIA, plaintiff submitted Freedom of Information Act ("FOIA") requests for copies of all information maintained about himself. These actions stemmed from plaintiff's involvement on a website, dating from September 21, 2002, where he discussed materials and methods used in suicide bombings, opposition to military action in Iraq, the impeachment of President Bush, and the 2002 DC area sniper shootings.

7. By form of letter to plaintiff dated February 28, 2006, the FBI denied locating any records responsive to a search of the automated indices to the central records system files at FBI headquarters. Notification of entitlement to file an appeal was included in the letter.

8. By letter dated April 13, 2006, attorney for the plaintiff appealed the FBI's response,

citing all available information necessary to locate plaintiff's records, including: name of the website, all aliases used by plaintiff to communicate on the website, and specific topics of discussion, as listed in paragraph 6 of this complaint. The letter also indicated that FBI should not only search it's main index, but also for all files indexed in other ways, such as "see references", numbered and lettered sub files, "DO NOT FILE" files, control files, and ELSUR (Electronic Surveillance) files. The letter also stated that plaintiff would like copies of the indexing materials themselves; i.e. "see reference" cards, abstracts, etc.

9. By form of letter to attorney for the plaintiff, dated April 28, 2006, FBI acknowledged receipt of plaintiff's appeal.

10. By form of letter to attorney for the plaintiff, dated June 27, 2007, FBI denied plaintiff's appeal, affirming the FBI's initial finding of no records responsive in its automated indices. The letter proceeded to inform attorney to the plaintiff, that as a courtesy to him, FBI had conducted a search of its Electronic Surveillance (ELSUR) database, and had found no records responsive to plaintiff's request. FBI also suggested that attorney for the plaintiff file a new FOIA request directly to the Washington Metropolitan Field Office, citing 28 C.F.R. § § 16.3 (a), 16.41(a) (2006).

11. By recorded telephone conversation on August 9, 2007, which will be furnished in its entirety to the court, acting FBI FOIA officer Debbie Lopes informed plaintiff that, in stark contradiction to FBI's written affidavit, all FBI field offices had been searched upon initial review of appeal. Ms. Lopes further indicated that it was this search, which

prompted the determination in FBI's denial of appeal. After plaintiff attempted to verify this fact for the record, Ms. Lopes then contradicted her own statement. She declared that the appeal file showed the search of all FBI field offices had actually only taken place in July of 2007, after a previous telephone conversation between plaintiff and Ms. Lopes. Plaintiff then referenced that previous conversation, and reminded Ms. Lopes that she had also clearly indicated at the beginning of that call that FBI field offices had already been searched. Ms. Lopes then strangely agreed, again contradicting her statement of a few seconds earlier, and explaining that as a matter of procedure, all field office and cross-referenced files were searched in response to plaintiff's appeal. Plaintiff then attempted to verify if all relevant information cited in that April 13, 2006 appeal letter had been searched in conjunction with plaintiff's name. Ms. Lopes then informed plaintiff that she needed to consult with FBI's appeal attorney.

12. By form of letter to plaintiff dated February 23, 2006, CIA acknowledged receipt of plaintiff's FOIA request.

13. By form of letter to plaintiff dated March 7, 2006, CIA denied locating any CIA-originated records or information. Notification of entitlement to appeal was included in the letter.

14. By letter dated April 13, 2006, attorney for the plaintiff appealed the CIA's response, citing all available information necessary to locate plaintiff's records, including: name of the website, all aliases used by plaintiff to communicate on the website, and specific topics of discussion, as listed in paragraph 6 of this complaint. The letter also indicated

that in accepting plaintiff's initial FOIA request, CIA must account not only for CIA-originated records, but all records that pertain to the plaintiff, as stated in that request. The letter also indicated that should the CIA maintain records by another agency, the CIA must account for them also.

15. By form of letter dated August 9, 2006, CIA denied plaintiff's appeal, affirming the adequacy of it's initial search.

### First Cause of Action
### (Violation of FOIA for Bad Faith)

16. Martin F. Wiesner repeats and realleges the allegations contained in paragraphs 1 through 15 above, inclusive.

17. The FBI, through the actions of it's appeal attorney and FOIA officer Debbie Lopes, knowingly falsified information crucial to a fair and just due process of law.

18. As documented by recorded telephone conversation, FOIA officer Debbie Lopes clearly states that all FBI field offices were searched prior to the issuance of written denial of appeal on June 27, 2007. In that same letter, the FBI conversely suggested that plaintiff file a new request with the Washington Metropolitan Field Office. By nature of this given account of events, plaintiff can only reasonably ascertain that either:

-FBI field offices were searched prior to issuance of denial of appeal, and the letter of denial was intentionally falsified.

-FBI field offices were not searched, and the statements made by Ms. Lopes that field

offices were searched prior to issuance of denial of appeal, were intentionally false.

-There was some kind of serious mis-communication and/or falsification of information within FBI, rendering FBI's letter of denial of appeal to attorney for the plaintiff, falsified by default.

19. As further documented by the same recording, Ms. Lopes proceeds to correct herself, clearly referencing FBI's appeal file, stating that it showed field offices were only searched in July, 2007. Ms. Lopes then clearly states that the reason for that search was a previous telephone conversation with plaintiff in July 2007. Somehow, Ms. Lopes then contradicts herself again, agreeing that in that same July 2007 conversation, which had apparently prompted FBI's search of field offices, she indicated to plaintiff that field offices had already been searched. By nature of this given account of events, plaintiff can only reasonably ascertain that:

-Information contained in FBI's appeal file, showing that field offices were only searched in July 2007, or Ms. Lopes' account of that file was false.

-Information contained in FBI's appeal file, showing that field offices were only searched in July 2007 is correct, and Ms. Lopes' statement indicating that field offices were searched prior to issuance of written denial of appeal, which she clearly states for the recording that she remembers having made in July of 2007, was false.

20. Defendant FBI has either falsified the content of an official written determination, falsified plaintiff's appeal information by recorded phone conversation, or both. An

agency "must demonstrate 'beyond material doubt' that the search was reasonable." *Truitt v. Department of State*, 897 F.2d at 542.

21. Defendant's actions are arbitrary, capricious, an abuse of discretion, and not in accordance with procedure required by law, all in violation of the APA.

### Second cause of Action
### (Violation of FOIA for Bad Faith and Inadequate Search)

22. Martin F. Wiesner repeats, realleges, and incorporates the allegations contained in paragraphs 1 through 15 above, inclusive.

23. It remains unclear, as a matter of record, whether FBI's determination sent by letter was false, FBI FOIA officer's information was false, or if both were false. In FBI's written determination of appeal, it states that ELSUR (Electronic Surveillance) files and nothing else were searched, in accordance with plaintiff's appeal request. At the end of the recorded conversation between FOIA officer Debbie Lopes and plaintiff, Ms. Lopes clearly states that field office and cross-referenced files were searched, in accordance with plaintiff's appeal request. If, in fact, any action at all was taken by FBI, it must include all of the information specified in accordance with plaintiff's appeal request-"To be sure, a request which fails to 'reasonably describe' the documents sought does trigger a search of agency records. When, however, an agency becomes reasonably clear as to the materials desired, FOIA's text and legislative history make plain the agency's obligation to bring them forth." *Truitt*, F.2d 540.

24. Defendant FBI's actions constitute agency action unlawfully withheld or unreasonably

delayed, in violation of the APA. Defendants actions are arbitrary, capricious, an abuse of discretion, and not in accordance with procedure required by law, all in violation of the APA.

### Third Cause of Action
### (Violation of FOIA for Inadequate Search)

25. In responding to plaintiff's FOIA request, by form of letter dated February 23, 2006, CIA indicates:

> "We have accepted your request and will process it according to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as amended, and the Privacy Act of 1974, 5 U.S.C. § 552a. Unless you object, we will search for CIA-originated records existing through the date of this acceptance letter."

In stating that plaintiff's request was accepted, CIA accepts the burden of proof to conduct an adequate search for all records pertaining to plaintiff. Plaintiff bore no objection to the statement that CIA would search for CIA-originated files, however, CIA's response stating that only CIA-originated files were searched, is inconsistent with the agency's legal responsibility to search all of the information as stated, and accepted in plaintiff's request. *See McGehee v. CIA*, 697 F.2d 1095 (C.A.D.C. 1983).

26. Defendant CIA's actions constitute agency action unlawfully withheld or unreasonably delayed, in violation of the APA. Defendants actions are arbitrary, capricious, an abuse of discretion, and not in accordance with procedure required by law, all in violation of the APA.

## Plaintiff's Request To The Court

27.  As it stands, in record of fact, through written materials and recorded audio material, the FBI's actions are improper, unlawful, and in direct violation of FOIA. The burden of proof beset upon government agencies, which requires the processing of the FOIA to be conducted in good faith, exists only under the presumption that the process is truthful and legitimate. The evidence presented to the court by plaintiff indicates that the actions taken by FBI, as accounted for by the FBI, are inconsistent, contradictory, at times flagrantly dishonest, and as a result, purely hypothetical. If the FBI can present to the court, and to the plaintiff, that their actions were in some way legitimate, then it must clarify those actions, as a matter of record.

As the law of this circuit has held, a specific goal of the FOIA is to "give citizens access to the information on the basis of which government agencies make their decisions, thereby equipping the populace to evaluate and criticize those decisions. Each of these objectives-and particularly the last-would be best promoted by a rule that all records in an agency's possession, whether created by the agency itself or by other bodies covered by the Act, constitute 'agency records'." *McGehee*, 697 F.2d 1095. With respect to this finding, and in light of the existence of coordination between FBI and CIA on many levels, plaintiff requests an equal standard of review with regards to defendant CIA.

## Requested Relief

WHEREFORE, plaintiff prays that this Court:

A. Order defendants to produce the requested records in their entireties, and make copies available to plaintiff.

B. Order defendant FBI to produce a definitive and truthful record of their actions regarding plaintiff's request.

C. Make a written finding that the circumstances surrounding the withholding raise questions whether there has been arbitrary or capricious agency action, and make a referral to the Special Counsel for investigation, pursuant to 5 U.S.C. § 552(a)(4)(F).

D. Award plaintiff its costs and reasonable attorneys fees incurred in this action.

F. Provide for expeditious proceedings in this action.

E. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

Martin F. Wiesner
1622 N. McKinley Rd. #5
Arlington, Virginia 22205
(703) 909-5055

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

07-1599
RBW

**I (a) PLAINTIFFS** Martin F. Wiesner

**DEFENDANTS** Federal Bureau of Investigation, Central Intelligence Agency

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Fairfax
(EXCEPT IN U.S. PLAINTIFF CASES)

88888

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Martin Wiesner   1622 N. McKinley Rd
Arlington VA 22205
703 909-5055

Case: 1:07-cv-01599
Assigned To : Walton, Reggie B.
Assign. Date : 9/7/2007
Description: FOIA/Privacy Act

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

☐ **A.** *Antitrust*
☐ 410 Antitrust

☐ **B.** *Personal Injury/ Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C.** *Administrative Agency Review*
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes:
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

☐ **E.** *General Civil (Other)* OR ☐ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(4)

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ I. *FOIA/PRIVACY ACT*<br><br>☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
05:552 FOIA

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $   Check YES only if demanded in complaint JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** N.F.   (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE 9/10/07   SIGNATURE OF ATTORNEY OF RECORD [signature]

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only *one* category. You *must* also select *one* corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd

RECEIVED
SEP 10 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT