UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARTIN F. WIESNER,<br><br>    Plaintiff,<br><br>        v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>  et al.,<br><br>    Defendants. | No. 07-1599 (RBW) |

MOTION TO SET ASIDE ENTRY OF DEFAULT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Defendants, by and through the undersigned, respectfully move to set aside the entry of default entered by the Clerk's Office in the above-captioned case. Fed. R. Civ. P. 55(c). In support of this motion, defendants state the following:

1. Proper service has not been effected against the defendants, which are agencies of the United States. Pursuant to Fed. R. Civ. P. 4(i), service upon the United States shall be made by, *inter alia*, properly serving the United States attorney. On October 17, 2007 plaintiff filed a return of service affidavit claiming service on the United States attorney on October 3, 2007. *See* Dkt #5. The exhibits to that affidavit show, however, that the Communications Workers of America ("CWA"), a non-governmental organization, signed for the package. Service in this manner clearly does not satisfy the requirements of Rule 4(i) and in fact, the U.S. Attorney's Office has no record of receipt of this summons and complaint. Moreover, upon first becoming aware of the existence of this suit, by letter dated October 23, 2007, plaintiff was advised that the U.S. Attorney's Office had not been served and that pursuant to Fed. R. Civ. P. 12(a)(3)(A), defendants'

obligation to respond to the complaint did not begin to run until proper service is effected. *See* Exh. A, hereto.[1]

2. Even had proper service been effected on the United States attorney, an answer would not have been due on October 23, 2007 – the date default was entered. Under Rule 12(a)(3)(A), federal agencies have 60 days from proper service on the United States attorney to respond to a complaint. Consistent with that rule, the docket in this case indicates that defendants' answer is due on December 3, 2007. *See* Dkt # 5. However, this is a Freedom of Information Act case and which by statute gives defendants 30 days within which to respond to a complaint. 5 U.S.C. § 552(a)(4)(C). Accordingly, assuming *arguendo* service on October 3, 2007, defendants' answer would not be due until November 3, 2007 at the earliest. Thus, under no senario were defendants in default on October 23, 2007.[2]

WHEREFORE, the federal defendants respectfully request that this motion be granted.

                  Respectfully submitted,

                  /s/
                  JEFFREY A. TAYLOR, D.C. BAR # 498610
                  United States Attorney

                  /s/
                  RUDOLPH CONTRERAS, D.C. BAR # 434122
                  Assistant United States Attorney

---

[1] By filing this motion, defendants do not waive proper service nor any defenses available to them under Fed. R. Civ. P. 12(b) or otherwise.

[2] Defendants note that the order of default is dated November 23, 2007, indicating that there may have been some overall confusion in the Clerk's office about dates.

/s/
MADELYN E. JOHNSON, DC Bar #292318
Assistant United States Attorney
U.S. Attorney's Office, Rm E4114
555 4th Street, N.W.
Washington, D.C.  20530
*(202) 514-7135*

CERTIFICATE OF SERVICE

I CERTIFY that on October 25, 2007, plaintiff was served with a copy of the foregoing Motion to Set Aside Entry of Default and Memorandum of Points and Authorities in Support via first-class mail postage prepaid and addressed:

>Martin Wiesner
>1622 N.McKinley Road
>Apartment 5
>Arlington, VA 22205

_____/s/_____
Madelyn E. Johnson
Assistant U.S. Attorney
555 4th Street, N.W., Rm. E4114
Washington, D. C.  20530
(202) 514-7135

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 25, 2007, I served a copy of the foregoing on the following:

By first class mail, postage prepaid, to

Steven Storch, Esq.
Bijan Amini, Esq.
STORCH, AMINI & MUNVES, P.C.
405 Lexington Avenue
New York, NY 10174
  Counsel for plaintiff

_____
MADELYN E. JOHNSON D.C. Bar #292318
Assistant United States Attorney
555 4th Street, N.W. - Room 10-804
Washington, D.C. 20001
(202) 514-7135

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



| | |
|---|---|
| JACK R. SMITH, | |
|    Plaintiff, | |
| v. | C. A. No. 96-2810 (RMU) |
| UNITED STATES DEPARTMENT OF STATE, et al., | |
|    Defendants. | |

O R D E R

UPON CONSIDERATION of defendants' consent motion for enlargement of time, to and including March 10, 1997, within which to answer, move or otherwise respond to the complaint and the record in this case, it is this _____ day of February, 1997

ORDERED that the motion should be, and hereby is, GRANTED.

_____
UNITED STATES DISTRICT JUDGE

NOTICE TO:

Steven Storch, Esq.
Bijan Amini, Esq.
STORCH, AMINI & MUNVES, P.C.
405 Lexington Avenue
New York, NY  10174


MADELYN E. JOHNSON
Assistant U.S. Attorney
555 4th Street, N.W. -- 10th Floor
Washington, D.C.  20001



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

October 23, 2007

Martin Wiesner
1622 N. McKinley Road
Apartment 5
Arlington, VA 22205

      Re:    Wiesner v. Federal Bureau of Investigation, *et al.*, No. 07-1599 (RBW)
            (D.D.C.)

Dear Mr. Wiesner:

      On October 22, 2007, this Office became aware that the above-referenced action had been filed in the United States District Court for the District of Columbia. We have no record of service on this Office of a summons and complaint. The docket shows service on the Communications Workers of America (CWA) but not on an employee authorized to accept service on behalf of the United States.

      Please be advised that delivery of a summons and complaint to the CWA, a non-governmental organization, does not constitute proper service. In this connection, we direct your attention to Fed. R. Civ. P. 4(i)(1) which, *inter alia*, provides that service on the United States Attorney for the District in which a civil action is brought may be accomplished by hand delivery of the summons and complaint to the United States Attorney, or an Assistant United States Attorney or clerical employee designated to receive service on the United States Attorney's behalf. In this Office, the United States Attorney has designated the Secretary, or acting Secretary, to the Chief of the Civil Division, as well as the Secretaries to the Deputy Chiefs of the Civil Division, as persons to whom hand-delivery of a summons and complaint may be made. Alternatively, Rule 4(i)(1) permits service to be accomplished by sending the summons and complaint by registered or certified mail addressed to the "Civil Process Clerk" at the Office of the United States Attorney, 555 4th Street, N.W., Washington, D.C. 20530.



EXHIBIT A

The time for the United States to respond to the Complaint pursuant to Fed. R. Civ. P. 12(a)(3)(A) will not begin to run until you have effected proper service in accordance with Fed. R. Civ. P. 4(i).

          Sincerely,

          JEFFREY A. TAYLOR
          United States Attorney

By:   RUDOLPH CONTRERAS
       Chief, Civil Division