UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARTIN F. WIESNER

          Plaintiff,

                                                    No. 07-1599 (RBW)

v.

FEDERAL BUREAU OF INVESTIGATION,
et al.,

          Defendants.

_____

<u>OPPOSITION TO MOTION TO SET ASIDE ENTRY OF DEFAULT AND MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT</u>

In the above-captioned case, plaintiff Martin F. Wiesner hereby responds in opposition to defendants's MOTION TO SET ASIDE ENTRY OF DEFAULT, served on the plaintiff on October 25, 2007.

<u>Background</u>

On September 7, 2007, summonses were filed by the plaintiff for each of the defendants, the Attorney General, and the United States Attorney. Plaintiff was personally instructed by the clerk's office, and via a handbook provided by the clerk entitled "INFORMATION FOR PARTIES WHO WISH TO FILE A CIVIL COMPLAINT" (Exhibit B), on the methods for preparing and issuing the summonses. Plaintiff addressed summons for the U.S. Attorney according to the instructions, and address therein, of the court's handbook. The summonses were presented to the clerk, at which point they were deemed proper. The summonses were signed and sealed by the clerk, and issued to the plaintiff for service on the defendants.

RECEIVED
NOV - 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

On September 13, 2007, the summonses were sent via certified mail, return receipt requested, to the defendants, the Attorney General, and the U.S. Attorney. In regards to the office of the U.S. Attorney, the only postal record obtainable (Exhibit B-1) shows that service to the address indicated in the court's handbook was effected on October 3, 2007, with the name of the recipient written as "CWA". A default was subsequently entered by the clerk on October 23, 2007, following the filing of affidavits by the plaintiff. As indicated in it's motion, the U.S. Attorney's office has become aware that the summons was somehow delivered to the "Communication Workers of America", a "non-governmental agency" at the same address as the U.S. Attorney. Plaintiff has yet to receive the requested return receipt for the summons issued to the U.S. Attorney, or any type of returned or re-directed mailing of the summons, or notice thereof.

### A Valid Service of Process

The instructions provided in the court's handbook state that "If a U.S. Government agent or agency is a named defendant, your must prepare two additional summons; one for the U.S. Attorney General, and one for the U.S. Attorney for the District of Columbia. The U.S. Attorney General is located at: 950 Pennsylvania Avenue, NW, Washington, DC 20530. The U.S. Attorney for the District of Columbia is located at: 501 Third Street, NW, Washington, DC 20001."

These instructions are among other instructions, including form of papers, that are actual statutes provided in the court's Local Rules. The United States Attorney has indicated by letter to plaintiff and motion, however, that their correct address is 555 4th Street, N.W., Washington, D.C. 20530, and that the mailing must be addressed to the "Civil Process Clerk", in accordance

with Federal Rule 4(i)(1).

## Good Cause

The guidelines provided in the Federal Rules of Civil Procedure for vacating a default state the necessity for showing "good cause". The cause that the U.S. Attorney's office states in it's motion is non-compliance with Federal Rule 4(i). As is shown in Exhibit B, however, specific instructions given to the public from this Court on how to serve to U.S. Attorney's office make no mention of a necessity to address the Civil Process Clerk. Those instructions for serving the U.S. Attorney, are in fact, provided to the clerk of this Court by the U.S. Attorney. A good cause cannot reside with a defendant who instructs the court and the public on how to serve it, and then chastises litigants for doing so.

The provisions of an entry of default assure a litigant of his or her part in an orderly and efficient judicial system; in truth, "In this situation, the diligent party must be protected, lest he be faced with interminable delay and continued uncertainty as to his rights." *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe* (1970) 139 App. DC 256, 432 F.2d 689. 14 F12 Serv. 2d 538.

## Merits and The Goals of Justice

On October 30, 2007, plaintiff attempted, in person, to obtain from the U.S. Attorney's office a verified statement equal to that of Local Rule 7(g), which would assure the most efficient and authentic proof of service for hand delivery of the summons. The U.S. Attorney's office refused, citing the need to obtain clearance. Plaintiff has therefore attempted to re-serve the summons on the U.S. Attorney on October 30, 2007, through express delivered mail, to the alternate address listed in its letter to the plaintiff.

With few exceptions, it is clear that the disposition of a pending action is preferably decided on its merits. It is, however, the establishment of jurisdiction and recognition of those merits which take precedent over anything else, once the action is commenced. In so far as it is the U.S. Attorney's office itself that provides their required method of service to the Clerk, if that method is not correct, it is the U.S. Attorney's office itself that willfully seeks to delay and affect the establishment of jurisdiction, and the review of the merits of this case.

## Conclusion

Where a defendant avoids, delays, or impedes proper service, an entry of default is the only recourse available. When a defendant inhibits that recourse in any way, be it technical, willful, or both, it is still in default.

WHEREFORE, the plaintiff requests that the defendants' motion not be granted; if the defendants have yet to answer, that the entry of default be amended by the Clerk, and entered on the correct date of November 3, 2007, as the FOIA provides 30 days for a defendants response; and that the default be sustained until a proper and timely response, as required by the FOIA, is accomplished.

Respectfully submitted,

MARTIN F. WIESNER
1622 N. McKinley Rd. #5
Arlington, VA 22205
(703) 909-5055

Rev. 4/06
Pro Se Pd./
Attorney

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

## INFORMATION FOR PARTIES WHO WISH TO FILE A CIVIL COMPLAINT

The following instructions have been compiled to assist a party wishing to file a complaint in this Court. Although we have attempted to simplify procedures, we cannot provide legal advice, pursuant to our Local Rules. It is not anticipated that these instructions will satisfy all of your needs. The Local Rules are available in the Clerk's Office at no charge, and the Federal Rules of Civil Procedure are available at any public library. Both sets of rules are also available on our website at: www.dcd.uscourts.gov/rules-forms.html.

**FILING FEE:** The required filing fee for a new case is $350.00. Your check or money order should be made payable to "Clerk, U.S. District Court."

**CIVIL COVER SHEET:** Our Civil Cover Sheet, Form JS-44, **must** be completed and submitted with your complaint.

**COMPLAINT:** The name of this Court must be written at the top of the first page. The complete name and address for each plaintiff must be included in the caption of the complaint. A Post Office Box is insufficient as an address, unless you file a separate motion asking the Court to permit such an address. All defendants **must** be named in the caption. The use of et al. is **not** permitted as the rules require you to name each defendant. The word **COMPLAINT** must appear under the caption. Clearly set out your grievance in the body of the complaint, name those against whom you have a grievance, and what you would like the Court to do to correct the situation. If you are requesting a jury trial, the jury demand must be stated in your complaint. The complaint **must** be double-spaced, on white, letter size (8 1/2 x 11 inch) paper, and two-hole punched at the top. Write only on the front of each page. You **must** originally sign your complaint in ink. The complaint must be filed in duplicate. (Sample format attached).

**SUMMONS:** Your summons must comply with Federal Rule 4(a) and 4(b) before it will be signed by a Deputy Clerk. A summons must be prepared for each defendant listed in your complaint prior to filing. You are responsible for service of the summons and complaint. If a U.S. Government agent or agency is a named defendant, your must prepare two additional summons; one for the U.S. Attorney General, and one for the U.S. Attorney for the District of Columbia. The U.S. Attorney General is located at: 950 Pennsylvania Avenue, NW, Washington, DC 20530. The U.S. Attorney for the District of Columbia is located at: 501 Third Street, NW, Washington, DC 20001. You must serve the originally signed and sealed summons, a copy of the complaint, and any other motion(s) and/or 7.1 Corporate Disclosure Statements presented at the time of filing on each named defendant in your complaint.

**EXECUTED RETURN OF SERVICE:** Litigants must file an executed return of service with the Court for each summons issued. (Sample format attached).

**EEOC COMPLAINT:** If you have been issued a Right to Sue Letter, you should attach it to each complaint.

**CLERK'S OFFICE MAILING ADDRESS:** U.S. District Court Clerk's Office, 333 Constitution Avenue, NW, Room 1225, Washington, DC 20001.

NANCY MAYER-WHITTINGTON, CLERK



Exhibit B-1

**UNITED STATES POSTAL SERVICE**

**Track/Confirm - Intranet Item Inquiry**
**Item Number: 7007 1490 0003 8432 3748**

**This item was delivered on 10/03/2007 at 14:28**

| | |
|---|---|
| **Signature:** |  |
| **Address:** | 501 3rd St |

Enter Request Type and Item Number:

Quick Search ◉     Extensive Search ○

[Explanation of Quick and Extensive Searches]

[Submit]

Version 1.0

Inquire on multiple items.

Go to the Product Tracking System Home Page.