UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARTIN F. WIESNER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1599 (RBW) |
| | ) | |
| FEDERAL BUREAU | ) | |
| OF INVESTIGATION and | ) | |
| CENTRAL INTELLIGENCE AGENCY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Martin F. Wiesner, the plaintiff in this civil lawsuit, seeks "the disclosure and release of agency records" allegedly withheld by the Federal Bureau of Investigation and the Central Intelligence Agency pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (2001) (the "FOIA"). Complaint ¶ 1. On October 23, 2007, the Clerk of the Court entered defaults against the defendants at the request of the plaintiff. Currently before the Court is the defendants' Motion to Set Aside Entry of Default (the "Def. Mot."). After carefully considering the defendants' motion, the memorandum of points and authorities in support thereof, and the plaintiff's Opposition to Motion to Set Aside Entry of Default (the "Pl. Opp'n"), the Court concludes that it must set aside the defaults entered against the defendants for the reasons that follow.

Federal Rule of Civil Procedure 55 provides in pertinent part that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend <u>as provided by these rules</u> and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). The applicable rule is Federal Rule of Civil Procedure 12, which provides that "[u]nless a different time is prescribed in a statute of the United States, . . . an agency of the United States . . . shall serve an answer to the complaint . . . within 60 days after the United States attorney is served with the pleading asserting the claim." Fed. R. Civ. P. 12(a)(1), 12(a)(3). The FOIA designates the response time as thirty days. <u>See</u> 5 U.S.C. § 552(a)(4)(C) ("Notwithstanding any other provision of law, the defendant shall serve an answer or otherwise plead to any complaint made under this subsection within thirty days after service upon the defendant of the pleading in which such complaint is made, unless the court otherwise directs for good cause shown.").

The plaintiff acknowledges that he was required to serve the United States Attorney for the District of Columbia along with the Attorney General and the defendants pursuant to Federal Rule of Civil Procedure 4(i) for the thirty-day response period provided by the FOIA to commence. Pl. Opp'n at 3. Thus, even assuming that the plaintiff's service of process on the defendants was properly effected as of October 3, 2007 (the date listed on the plaintiff's return of service affidavit with respect to the United States Attorney), the defendants would not have been in default under § 552(a)(4)(C) until November 3, 2007. That is eleven days <u>after</u> the Clerk of

the Court entered its defaults against the defendants. The defaults must therefore be set aside for that reason alone.[1]

Even if the Clerk of the Court had calculated the correct deadline for the filing of responses by the defendants, there would still be "good cause" in this case to vacate the entries of default. See Fed. R. Civ. P. 55(c) (providing that the Court may set aside an entry of default "[f]or good cause shown"). As explained by the defendants, the United States Attorney was not aware of this lawsuit until October 22, 2007, Def. Mot., Ex. A at 1, apparently because the plaintiff mailed the complaint and summons to the wrong address and failed to specify on his certified letter that the summons and complaint should be delivered to the Civil Process Clerk at the Office of the United States Attorney. See Fed. R. Civ. P. 4(i)(1) (permitting service to the Office of the United States Attorney by certified mail provided that the mailing is "addressed to the civil process clerk at the office of the United States attorney"). The plaintiff asserts that he mailed the summons and the complaint to the address listed in an informational form prepared by the Clerk of the Court for the benefit of the public, Pl. Opp'n at 1, Ex. B (Information for Parties Who Wish to File a Civil Complaint, revised April 2006), but that is beside the point.[2] Given the

---

[1] The entries of default are invalid on their face for a second reason: they list the date of the defendants' default as "November 23, 2007" – a date which has not yet been reached.

[2] The plaintiff operates under the mistaken impression that it is the responsibility of the United States Attorney to inform the Clerk of the Court of any errors in the mailing address provided by the Clerk of the Court to the public. See Pl. Opp'n at 3 ("[S]pecific instructions given to the public from this Court on how to serve [the United States] Attorney's [O]ffice make no mention of a necessity to address the Civil Process Clerk. Those instructions . . . are, in fact, provided to the [C]lerk of this Court by the [United States] Attorney."). The Court does not know whether the Clerk of the Court obtained the address listed on its informational form from the Office of the United States Attorney or arrived at the address independently, but it is certain that it is the responsibility of the plaintiff, not the United States Attorney, and not the Clerk of the Court, to make sure that service of the summons and complaint has been properly executed. The plaintiff's mistake in mailing the summons and the complaint to the address given to him by the Clerk of the Court is understandable, and the time and money he has wasted on pursuing the entry of defaults regrettable, but it does not excuse the plaintiff's obligations under Rule 4(i).

3

lack of any evidence that the United States Attorney was even aware of the plaintiff's lawsuit until October 22, 2007, it would be manifestly unfair to expect the defendants to be able to file a response by November 3, 2007, let alone by October 23, 2007.  The Court will therefore grant the defendants' motion to set aside the entries of default in this case, and will grant the defendants leave to file their answers or responsive motions on or before November 21, 2007.

It is therefore

**ORDERED** that the defendants' Motion to Set Aside Entry of Default is **GRANTED**.  It is further

**ORDERED** that the defaults entered by the Clerk of the Court on October 23, 2007, are **VACATED**.  It is further

**ORDERED** that the defendants shall file their answer or responsive motions in this case on or before November 21, 2007.

**SO ORDERED** this 7th day of November, 2007.

REGGIE B. WALTON<br>United States District Judge