UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
MARTIN WIESNER,               )
                              )
          Plaintiff,          )
                              )   Civil Action No. 07-1599 (RBW)
     v.                       )
                              )
FEDERAL BUREAU OF             )
INVESTIGATION, CENTRAL        )
INTELLIGENCE AGENCY           )
                              )
          Defendants.         )
_____)
```

## ANSWER OF DEFENDANT CENTRAL INTELLIGENCE AGENCY

Defendant Central Intelligence Agency ("CIA"), by and through its undersigned attorneys, hereby answers the Complaint as follows:

## AFFIRMATIVE DEFENSE

### First Affirmative Defense

Plaintiff's complaint fails to state a claim upon which relief can be granted.

## NATURE OF THIS ACTION

1.    Defendant CIA denies that it improperly withheld from plaintiff any agency records and states that the remainder of Paragraph 1 of the Complaint consists of characterizations of Plaintiff's claims and no response is necessary.  To the extent that a response is required, Defendant CIA denies the remaining allegations of Paragraph 1 of the Complaint.

<u>Jurisdiction and Venue</u>

2.    Paragraph 2 of the Complaint sets forth legal conclusions and allegations of subject matter jurisdiction and venue to which no response is required.    To the extent that a response is required, Defendant CIA denies the allegations of Paragraph 2 of the Complaint.

3.    Paragraph 3 of the Complaint sets forth legal conclusions and allegations of personal jurisdiction to which no response is necessary.    To the extent a response is required, Defendant lacks knowledge or information sufficient to admit or deny the allegations, and therefore denies them.

4.    Defendant CIA admits the allegations of Paragraph 4 of the Complaint.

5.    Defendant CIA admits the allegations of Paragraph 5 of the Complaint.

<u>Statement of Facts</u>

6.    Defendant CIA admits receiving a letter from Plaintiff dated February 9, 2006, and further avers that the content of the letter speaks for itself.    Defendant CIA lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding the letter allegedly sent to the Federal Bureau of Investigation ("FBI"), and therefore denies the allegation.    Defendant CIA lacks knowledge or information

sufficient to form a belief as to the truth of the allegations of the second sentence in Paragraph 6 of the Complaint, which relates to Plaintiff's stated reason for filing his FOIA requests, and therefore denies them.

7-11. Paragraphs 7 through 11 of the Complaint relate to Plaintiff's FOIA request seeking records from the FBI, not the CIA. Defendant CIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

12. Defendant CIA admits sending Plaintiff a letter dated February 23, 2006, and further avers that the content of the letter speaks for itself.

13. Defendant CIA admits sending Plaintiff a letter dated March 7, 2006, avers that the letter speaks for itself, and, to the extent that Plaintiff's characterization of the letter differs, denies the remaining allegations contained in Paragraph 13.

14. Defendant CIA admits receiving a letter dated April 13, 2006, from Plaintiff's attorney, avers that the letter speaks for itself, and, to the extent that Plaintiff's characterization of the letter differs, denies the remaining allegations contained in Paragraph 14.

15. Defendant CIA admits sending a letter dated August 9, 2006, to Plaintiff's attorney, and further avers that the content

of the letter speaks for itself.

### First Cause of Action

16.  Defendant CIA incorporates by reference each and every Answer stated in response to Paragraphs 1-15 as if fully stated herein.

17-21.    Paragraphs 17-21 of the Complaint consist of allegations relating to a causes of action against the FBI, not the CIA, and therefore no response by Defendant CIA is required.  To the extent a response is required, Defendant CIA denies the allegations of Paragraph 17-21 of the Complaint.

### Second Cause of Action

22.  Defendant CIA incorporates by reference each and every Answer stated in response to Paragraphs 1-21 as if fully stated herein.

23-24.    Paragraphs 23-24 of the Complaint consist of allegations relating to a cause of action against the FBI, not the CIA, and therefore no response by Defendant CIA is required.  To the extent a response is required, Defendant CIA denies the allegations of Paragraph 23-24 of the Complaint.

### Third Cause of Action

25.  Defendant CIA admits sending a letter dated February 23, 2006, to Plaintiff, and further avers that the content of the letter speaks for itself.  The remainder of Paragraph 25 consists

of legal conclusions and characterizations of Plaintiff's claims to which no response is required.  To the extent that a response is required, Defendant CIA denies the remainder of the allegations of Paragraph 25.

26.  Paragraph 26 of the Complaint consists of legal conclusions and characterizations of Plaintiff's claims to which no response is required.  To the extent that a response is required, Defendant CIA denies the allegations contained in Paragraph 26.

27.  Paragraph 27 of the Complaint, entitled "Plaintiff's Request to the Court", and his "Requested Relief", consist of legal conclusions, characterizations of Plaintiff's claims, and Plaintiff's prayer for relief, and no response to Paragraph 27 or the "Requested Relief" is required.  To the extent that an answer is required, Defendant CIA denies that Plaintiff is entitled to the relief requested in the Complaint or to any relief whatsoever. Defendant further avers that 5 U.S.C. § 552(a)(4)(E) does not authorize an award of fees to a pro se non-attorney plaintiff.

### GENERAL DENIAL

Defendant denies each and every allegation in the Complaint that was not admitted or otherwise qualified.

WHEREFORE, Defendant, Central Intelligence Agency, respectfully prays that Plaintiff's complaint be dismissed and requests such further relief as the Court deems appropriate.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____/s/_____
JOHN G. INTERRANTE, PA Bar #61373
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220
(202) 514-8780 (fax)
John.Interrante@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on the 21st day of December, 2007, a copy of the foregoing was served by First-Class mail, postage prepaid, to:


MARTIN F. WIESNER
1622 N. McKinley Rd. # 5
Arlington, VA 22205


_____/s/_____
JOHN G. INTERRANTE
Assistant United States Attorney