UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARTIN F. WIESNER,<br><br>       Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION, CENTRAL<br>INTELLIGENCE AGENCY,<br><br>       Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 07-1599 (RBW)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT FEDERAL BUREAU OF INVESTIGATION'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant, Federal Bureau of Investigation, respectfully moves the Court, pursuant to Fed. R. Civ. P. 12(b) (1), and (6), to dismiss this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, or, in the alternative, to enter summary judgment in favor of Defendant, pursuant to Fed. R. Civ. P. 56, because there is no genuine issue as to any material fact, and Defendant is entitled to judgment as a matter of law.  In support of this motion, Defendant respectfully refers the Court to the accompanying memorandum of points and authorities and statement of materials facts as to which there is no genuine issue.  A proposed Order consistent with this motion is attached hereto.

Plaintiff should take notice that any factual assertions contained in the documents in support of this motion will be accepted by the Court as true unless the plaintiff submits his own

affidavit or other documentary evidence contradicting the assertions in the documents. See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992), LCvR 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

**Respectfully submitted,**

**_____/s/_____**
**JEFFREY A. TAYLOR, D.C. Bar #498610**
**United States Attorney**


**_____/s/_____**
**RUDOLPH CONTRERAS, D.C. Bar #434122**
**Assistant United States Attorney**


**_____/s/_____**
**JOHN G. INTERRANTE, PA Bar #61373**
**Assistant United States Attorney**
**Civil Division, E-4806**
**555 4th Street, N.W.**
**Washington, D.C. 20530**
**(202) 514-7220**
**(202) 514-8780 (fax)**
**John.Interrante@usdoj.gov**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARTIN F. WIESNER, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 07-1599 (RBW) |
| v. | ) ) | |
| FEDERAL BUREAU OF INVESTIGATION, CENTRAL INTELLIGENCE AGENCY, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FEDERAL BUREAU OF INVESTIGATION'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and pertains to the request of Plaintiff, Martin Frederick Wiesner, for all records maintained by the Federal Bureau of Investigation ("FBI") and Central Intelligence Agency about him.[1] As set forth in the accompanying Declaration of David M. Hardy, Section Chief of the FBI's Record/Information Dissemination Section ("Hardy Declaration"), the FBI has conducted a reasonable search of its records, located no

---

[1] Plaintiff's FOIA requests are based on his alleged "involvement on a website, dating from September 21, 2002, where he discussed materials and methods used in suicide bombings, opposition to military action in Iraq, the impeachment of President Bush, and the 2002 DC area sniper shootings" (Compl., ¶ 6), and his belief that the FBI and CIA maintain records about him. The CIA, which, like the FBI, has no records about Plaintiff, is filing an answer to the Complaint.

responsive records, and therefore no records have been improperly withheld from Plaintiff. This action should therefore be dismissed or summary judgment granted in favor of the Defendant FBI.

### Factual Background

The factual and procedural background is contained in Defendant Federal Bureau of Investigation's Statement of Material Facts as to Which There Is No Genuine Issue, and the Hardy Declaration, which are attached and incorporated herein by reference.

### ARGUMENT

In a FOIA action, the courts have jurisdiction only when an agency has improperly withheld agency records. 5 U.S.C. § 552(a)(4)(B).[2] "[I]t is well established that under the FOIA, 'once the records are produced the substance of the controversy disappears and becomes moot, since disclosure which the suit seeks has already been made.'" Trueblood v. U.S. Dep't of Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996) (quoting Crooker v. U.S. State Dep't,

---

[2] FOIA is the comprehensive scheme provided to address all issues associated with the release of documents. Johnson v. Executive Office for United States Attorneys, 310 F.3d 771, 777 (D.C. Cir. 2002). Thus, Plaintiff incorrectly suggests that the relief sought in the First and Second Causes of Action, the two counts which seek relief against the FBI, arises under the general judicial review provisions of the Administrative Procedure Act, 5 U.S.C. § 706, rather than the specific provisions of FOIA (see Compl., ¶¶ 21, 24).

628 F.2d 9, 10 (D.C. Cir. 1980)); see also Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982).

Furthermore, summary judgment is appropriate in a FOIA action, such as the instant case, where the pleadings, together with the declaration, demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. Fed. R Civ. P. 56(c); Weisberg v. U.S. Dep't of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980). A court exercises de novo review over a FOIA matter, and the burden is on the agency to justify all non-disclosures. 5 U.S.C. § 552(a)(4)(B); U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press, 489 U.S. 749, 755 (1989). The agency, however, may carry its burden by relying on the declaration of a government official because courts normally accord a presumption of expertise in FOIA as long as the declaration is sufficiently clear and detailed and submitted in good faith. See, e.g., Oglesby v. U.S. Department of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); Hayden v. National Security Agency, 608 F.2d 1381, 1387 (D.C. Cir. 1979). A court may therefore award summary judgment in a FOIA case solely on the basis of information provided by the department or agency affidavits or declarations. See Hayden, 608 F.2d at 1387.

Here, summary judgment should be entered in favor of the FBI. By letter dated February 9, 2006, Plaintiff submitted a FOIA

request to the FBI for disclosure of all data maintained by the FBI that pertained to him (Compl., ¶ 6; Hardy Decl., ¶ 5 and Exhibit A thereto).  The FBI conducted a search of "all locations likely to yield documents responsive to plaintiff's request" and was able to identify no responsive records (Hardy Decl., ¶¶ 21-22).  The Declaration of David M. Hardy describes the reasonable and adequate search conducted of FBI records and explains that it produced no responsive records (id.).  Because no responsive records have been improperly withheld from Plaintiff, this case should be dismissed or, in the alternative, summary judgment should be entered in favor of the FBI.[3]

The only claim possibly remaining would be Plaintiff's request for fees and costs (see Compl., Requested Relief, ¶ D).  "The Court may assess against the United States reasonable attorney fees and

---

[3] The Complaint alleged two causes of actions against the FBI.  The First Cause of Action alleged that an FBI FOIA officer, whom Plaintiff called on the telephone and secretly recorded the conversation, acted in bad faith and falsified documentation about the sequence of the records search of the FBI field offices.  The Second Cause of Action alleged that the FBI acted in bad faith by conducting an inadequate search of its records.  The Third Cause of Action alleged that defendant Central Intelligence Agency conducted an inadequate search of its records in response to a similar FOIA request.  Regardless of the sequence, the FBI has, in fact, conducted a reasonable search of all of the likely locations where responsive records would be maintained, and found none.  Thus, there is no genuine issue of material fact in this case, and summary judgment should be entered in favor of the FBI.

other litigation costs reasonably incurred in any case under this section [5 U.S.C. § 552] in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). Such relief is, however, not available to the Plaintiff. See Oil, Chemical & Atomic Workers Int'l Union v. Dep't of Energy, 288 F.3d 452, 456-57 (D.C. Cir. 2002)("[I]n order for plaintiffs in FOIA actions to become eligible for an award of attorney's fees, they must have 'been awarded some relief by [a] court,' either in a judgment on the merits or in a court-ordered consent decree.") (citing Buckhannon Bd. & Care Home v. West Virginia Dep't of Health & Human Resources, 532 U.S. 598, 603 (2001)); see also Kay v. Ehrler, 499 U.S. 432, 434-35 & n.4 (1991) (5 U.S.C. § 552(a)(4)(E) does not authorize the award of fees to a pro se non-attorney plaintiff); Benavides v. Bureau of Prisons, 993 F.2d 257, 259 (D.C. Cir. 1993) (reversing contrary rule in light of Kay). Plaintiff has secured no relief from the Court and is proceeding pro se. Consequently, Defendant respectfully submits that the only case or controversy remaining in this action is Plaintiff's asserted claim for costs which must be dismissed.

## CONCLUSION

WHEREFORE, Defendant respectfully submits that the Court dismiss this case or, in the alternative, enter judgment in favor of Defendant Federal Bureau of Investigation.

                Respectfully submitted,

                _____/s/_____
                JEFFREY A. TAYLOR, D.C. Bar #498610
                United States Attorney

                _____/s/_____
                RUDOLPH CONTRERAS, D.C. Bar #434122
                Assistant United States Attorney

                _____/s/_____
                JOHN G. INTERRANTE, PA Bar #61373
                Assistant United States Attorney
                Civil Division, E-4806
                555 4th Street, N.W.
                Washington, D.C. 20530
                (202) 514-7220
                (202) 514-8780 (fax)
                [John.Interrante@usdoj.gov](mailto:John.Interrante@usdoj.gov)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
MARTIN F. WIESNER,                 )
                                   )
              Plaintiff,           )
                                   )  Civil Action No. 07-1599 (RBW)
         v.                        )
                                   )
FEDERAL BUREAU OF                  )
INVESTIGATION, CENTRAL             )
INTELLIGENCE AGENCY,               )
                                   )
              Defendants.          )
_____)

**DEFENDANT FEDERAL BUREAU OF INVESTIGATION'S
STATEMENT OF MATERIAL FACTS
<u>AS TO WHICH THERE IS NO GENUINE DISPUTE</u>**

Defendant, Federal Bureau of Investigation, submits the following statement of material facts as to which there is no genuine dispute:

1.  By letter dated February 9, 2006, Plaintiff, Martin Frederick Wiesner made a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, for all FBI files maintained about him (Compl., ¶ 6; Declaration of David M. Hardy, Section Chief of the FBI's Record/Information Dissemination Section ("Hardy Decl."), ¶ 5 and Exhibit A thereto).

2.  The FBI has searched all locations, including its Central Records System ("CRS") and Electronic Surveillance Indices ("ELSUR"), likely to have records responsive to Plaintiff's FOIA

request (Hardy Decl., ¶¶ 10-22).  The FBI was able to identify no responsive records in its possession (id., ¶¶ 21-22).

3.  By letters dated February 28, 2006, and June 25, 2007, the FBI notified Plaintiff that it had conducted a search of the CRS and ELSUR and had found no records responsive to his FOIA request (Compl., ¶¶ 7, 10; Hardy Decl., ¶¶ 6, 9, and Exhibits B and E thereto).

        Respectfully submitted,

        _____/s/_____
        JEFFREY A. TAYLOR, D.C. Bar #498610
        United States Attorney

        _____/s/_____
        RUDOLPH CONTRERAS, D.C. Bar #434122
        Assistant United States Attorney

        _____/s/_____
        JOHN G. INTERRANTE, PA Bar #61373
        Assistant United States Attorney
        Civil Division, E-4806
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 514-7220
        (202) 514-8780 (fax)
        John.Interrante@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 21st day of December, 2007, a copy of the foregoing Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment, supporting memorandum of points and authorities, statement of material facts as to which there is no genuine issue, and a proposed Order was served by First-Class mail, postage prepaid, to:

>MARTIN F. WIESNER
>1622 N. McKinley Rd. # 5
>Arlington, VA 22205

>  /s/
>JOHN G. INTERRANTE
>Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MARTIN F. WIESNER,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 07-1599 (RBW) |
| **FEDERAL BUREAU OF INVESTIGATION, CENTRAL INTELLIGENCE AGENCY,** | ) ) ) ) ) |
| Defendants. | ) ) |

### ORDER

Upon Consideration of Defendant Federal Bureau of Investigation's Motion To Dismiss Or, In The Alternative, For Summary Judgment, supporting memorandum of points and authorities, statement of material facts as to which there is no genuine issue, Plaintiff's response thereto, and the entire record herein, it is hereby ORDERED that the motion is GRANTED.

It is further ORDERED that judgment shall be entered in favor of Defendant Federal Bureau of Investigation.

It is SO ORDERED this _____ day of _____, 2008.

_____
Reggie B. Walton
United States District Judge