# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARTIN F. WIESNER

    Plaintiff,

              No. 07-1599 (RBW)

  v.

FEDERAL BUREAU OF INVESTIGATION,
et al.,

    Defendants.

---

## OPPOSITION TO DEFENDANT FEDERAL BUREAU OF INVESTIGATION'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGEMENT

  Plaintiff in the above-captioned case hereby opposes DEFENDANT FEDERAL BUREAU OF INVESTIGATION'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGEMENT, pursuant to FRCP 12 and 56, and 5 U.S.C. § 552, as amended. Proposed Orders consistent with this Opposition are attached hereto.

### Background

  Defendant FBI has moved to dismiss this action, citing Fed. R. Civ. P. 12(b)(1) and (6), or alternatively, for summary judgement, pursuant to Fed. R. Civ. P. 56, citing that there is no genuine issue of material fact. In reference to Fed R. Civ. P. 12(b)(1), Defendant indicates that this Court only has jurisdiction in a FOIA action "when an agency has improperly withheld agency records." Furthermore, Defendant FBI suggests that there is no genuine issue of material fact with regards to the processing of Plaintiff's FOIA request, and therefore requests summary


RECEIVED

JAN - 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

judgement based on a statement of facts which it claims is undisputed.


## Memorandum of Points and Authorities

Under FOIA, a litigant may rightfully pursue judicial review only if he has exhausted all available administrative remedies. Once this is accomplished, and the Plaintiff's claims are not frivolous, nor do they rely upon conditional events in the future, the Court's subject matter jurisdiction is established, in accordance with the specific provisions of the FOIA for a de novo review of the administrative record. If the question of whether the defendant in a FOIA case improperly withheld agency records could be answered only by statements simply claiming that it had not done so, then no defendant would ever be subject to judicial review or be held accountable for its actions. "A defendant's barebones assertion that it has not improperly withheld requested records does not divest the court of subject matter jurisdiction of an FOIA case or establish that the plaintiff has failed to state a claim upon which relief can be granted." *See 15 Fed Proc, L Ed 528* citing *Knight Pub. Co v. U.S. Dept. Of Justice*, 608 F. Supp. 747 (W.D. N.C. 1984).


The merits of a FOIA case in which the Court's jurisdiction is established must then be decided on the basis of fact, and the supporting affidavits provided by both parties. Furthermore, pursuant to the full provisions of rules 12 and 56 of Civil Procedure, when the Plaintiff's complaint makes allegations which, if true, would constitute a claim upon which relief could be granted, the Court will treat the Defendant's motion as one for summary judgement, and will consider the affidavits submitted by both parties. The Plaintiff should therefore not only be allowed to introduce evidence opposing summary judgement, but also to conduct the discovery

necessary to obtain all relevant materials. In addition, " a court is not strictly limited to the facts stated in the complaint, but can also consider facts stated in documents attached to the complaint as exhibits or incorporated in the complaint by reference (Citing *Kramer v. Time Warner, Inc.* (1991, CA2 NY) 937 F2d 767, 33 Fed Rules Evid Serv 558, 21 FR Serv 3d 869). Thus, if a pleading refers to a document and the document's authenticity is not questioned, the mere fact that the document is not physically attached to the pleading will not cause it to be considered a document "outside" the pleading which cannot be considered without converting the motion to dismiss into a motion for summary judgement (Citing *Branch v. Tunnell* (1994, CA9 Mont) 14 F3d 449, 94 CDOS 253, 94 Daily Journal DAR 442, 28 FR Serv 3d 1211, cert den (US) 129 L Ed 2d 832, 114 S Ct 2704, In a specific performance action based on contract, the contract itself is part of the pleadings, and if the court looks only to the contract to determine allegations that the terms of the contract are fatally uncertain, the judgement is considered to have been made on pleadings)." *See 27A Fed Proc, L Ed 375.*


Although it has clearly referenced in it's Argument that the appeal determination issued by Debbie Lopes actually occurred as stated, the Defendant's motion consists only of distortions and omissions of fact which still do not provide a factual account of that determination as is its obligation under FOIA and the Code of Federal Regulations. These distortions also fail to deny the allegations that as far as can possibly be ascertained by Plaintiff without judicial review and discovery, either one or both of the appeal determinations issued by the defendant has been falsified. The evidence will show that what the Defendant has depicted as some sort of misunderstanding concerning the "sequence" of the FBI's search, are in fact severe factual inconsistencies in its administrative record that are nothing less than evidence of agency bad faith

and an inadequate search.

## Statement of Facts

The Defendant summates on page 4 of its motion that "Because no responsive records have been improperly withheld from Plaintiff, this case should be dismissed or, in the alternative, summary judgement should be entered in favor of the FBI.[3]"

The superscript references a footnote which states the following:

[3]    The Complaint alleged two causes of actions against the FBI. The First Cause of Action alleged that an FBI FOIA officer, whom Plaintiff called on the telephone and secretly recorded the conversation, acted in bad faith and falsified documentation about the sequence of the records search of the FBI field offices. The Second Cause of Action alleged that the FBI acted in bad faith by conducting an inadequate search of its records. The Third Cause of Action alleged that defendant Central Intelligence Agency conducted an inadequate search of its records in response to a similar FOIA request. Regardless of the sequence, the FBI has, in fact, conducted a reasonable search of all the likely locations where responsive records would be maintained, and found none. Thus, there is no genuine issue of material fact in this case, and summary judgement should be entered in favor of the FBI."

The Plaintiff in this case hereby avers that the Defendant has erroneously attempted to characterize the telephone conversation between Plaintiff and the FBI's FOIA officer as a call made by the Plaintiff which was "secretly recorded". As a matter of record it was in fact FBI FOIA officer Debbie Lopes who called the plaintiff and issued the final determination on the

Plaintiff's appeal. As an additional matter of record it should be noted by the defendant, and by this Court, that Plaintiff in no way shape or form alleged whatsoever that it was in fact Debbie Lopes who falsified the appeal determination given to the plaintiff. The FOIA does not provided for complaints against agency officials. Without judicial review and/or discovery the Plaintiff can not possibly know the exact nature of the actions taken by the FBI, and how those actions resulted in the information that was read back by, or possibly recited to Ms. Lopes during the issuance of the determination.

Furthermore, as a matter of record, in recording the conversation, Plaintiff was within every right provided by law. Any assertions as to its "secrecy", especially from a defendant who itself is actually required to record such conversations pursuant to its own Federal Regulations is purely argumentative, and should be stricken from this record along with the inconsistencies stated in defendant's motion.

### A Genuine Issue of Material Fact

The "genuine issue of fact" involved in a FOIA summary judgement motion is not the existence of any particular document, but rather the reasonableness of the agency's search. *See Judicial Watch, Inc. v. U.S. Dept. of Health and Human Services* 27 F.Supp.2d 240 (1998 D.D.C.), citing *SafeCard Servs., Inc. v. Security & Exchange Comm.*, 926 F.2d at 1201 (D.C.Cir.1991), and cases cited therein. The reasonableness of the Defendant's search is therefore dependent on the affidavits provided, which must be reasonably detailed, nonconclusory, and submitted in good faith. Accordingly, the requester must provide to the Court evidence that contradicts the agency's account of the search procedure or provide evidence

of the agency's bad faith. *See Miller v. U.S. Dept. of State*, 779 F.2d 1378 (8th Cir. 1985).

The only authentic and verifiable affidavits the Defendant has chosen to present to this Court include a "Statement of Material Facts as to Which There is No Genuine Dispute" and accompanying exhibits, and a declaration by David M. Hardy ("Hardy Declaration"), Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD") for the FBI. The Defendant's "Statement of Material Facts as to Which There is No Genuine Dispute" repeats in detail the same information averred in Plaintiff's complaint. The Hardy Declaration recounts much of the same information, however, Mr. Hardy's declaration at paragraph (22) presents to this Court its own issues of material fact:

As stated, paragraph (22) explains: "In this case, plaintiff did not specifically request that a search be conducted for cross-references. However, upon further review, the FBI conducted a search of CRS for main files and cross references potentially responsive to plaintiff's request and located no responsive main files or cross references at FBIHQ." Paragraph (22) omits any information as to when this review and search took place or for what reason. In fact, no mention of a search for cross reference files was made in any of the exhibits provided by the Defendant. Coincidentally, a search for cross reference files was mentioned to Plaintiff in the determination issued by Ms. Lopes.

It seems possible, and certainly reasonable to the Plaintiff that the Hardy Declaration is therefore somehow attempting a veiled and inconclusive reference to the search described by Ms. Lopes, especially in light of the fact that nowhere in the Defendant's motion or accompanying affidavits is it stated when exactly the "further review" took place. The Defendant has in fact not

denied that Ms. Lopes' determination by phone was issued as stated in Plaintiff's complaint, but curiously has also made no mention of that appeal determination in either its statement of material facts or Mr. Hardy's declaration. Whether Plaintiff's assumption is correct, or whether Mr. Hardy was referring to some other separate "review" and "search", it is clear is that such a review and subsequent search constitute an appeal determination by the FBI.

The "further review" alluded to in the Hardy declaration indicates the necessity of an accounting of obviously important and necessary facts under the FOIA, specifically the accounting of a search for cross-reference files (CRS), when the search was performed, under what circumstances, and what subject matter was included in the search. Such an accounting cannot be found in the actual appeal determination it sent to the Plaintiff on 06/25/07 (Def. Exhibit E), and has been omitted from the "Statement of Material Facts as to Which There is No Genuine Dispute", and from the section of the Hardy Declaration entitled "Correspondence Related to Plaintiff's Request". In conjunction with the appeal determination issued by Debbie Lopes, the Defendant's affidavits and their wording-or lack thereof, would allow for the possibility of any number of violations of the FOIA and other federal statutes if left unchecked and unaccounted for.

Rather than answering directly, or even averring that it lacks the knowledge to adequately respond, the defendant in this case has continually avoided and downplayed the fact that it is responsible for issuing an appeal determination through FOIA officer Debbie Lopes which is wholly inconsistent with the administrative record it has provided to this Court, and in complete violation of the FOIA and the Code of Federal Regulations.

Plaintiff has included the audio recording of this determination with this motion on compact disc (Exhibit H), along with a transcript of the recording (Exhibit I). The recording and transcript are direct evidence that the appeal determination issued by the Defendant on 08/09/07 contradicts almost every piece of factual information in the appeal determination initially sent to the Plaintiff on 06/25/07 (Def.Exhibit E). For instance, after confusingly contradicting her own statements several times, Ms. Lopes finally settles on the supposition that all of the FBI's field offices were in fact searched prior to the issuance of the FBI's 06/25/07 appeal determination (Def. Exhibit E), of which there is no mention therein. Ms. Lopes even goes on to suggest that it is the FBI's regular policy to do so when a FOIA requester files an appeal. These facts have be stated accurately and are now being presented to this Court as evidence. These facts are unanswered and undefended.


FOIA, The Code of Federal Regulations, Agency Bad Faith, and an Inadequate Search

In direct conjunction with the factual inconsistencies of its administrative record, the Defendant remains in violation of the very federal regulations it chooses to cite in the language of its appeal determinations. Title 28 §16.9 (b) of the CFR states: "If the adverse decision is reversed or modified on appeal, in whole or in part, you will be notified in a written decision and your request will be re-processed in accordance with that decision." Furthermore, § 16.10 of Title 28 states: "Each component shall preserve all correspondence pertaining to the requests that it receives under this subpart, as well as copies of all requested records, until disposition or destruction is authorized by Title 44 of the U.S. Code or the National Archives and Records Administration's General Records Schedule 14. Records will not be disposed of while they are

the subject of a pending request, appeal, or lawsuit under FOIA."

The determination issued by Ms. Lopes was in fact in response to a previous conversation with Plaintiff, in which Plaintiff informed Ms. Lopes of his intention to seek judicial review. Ms. Lopes subsequently phoned the Plaintiff, and issued the 08/09/07 determination, which completely contradicts the facts of the previous determination issued by the FBI. The search description issued by Ms. Lopes was in fact so inconsistent that it seemed predicated only on preventing Plaintiff from actually filing a complaint. Plaintiff reasserts that a written record of the 08/09/07 determination was never issued. In accordance with the CFR, the defendant must preserve its correspondence, and must provide a written record if any appeal determination is made and subsequent action is taken.

When a document is voluntarily read aloud (without delivery of copies) by an authorized agency person, while in the presence of other persons, the document loses any status of exemption or confidentiality under the FOIA. "Once the information contained in the memorandum is disclosed, it loses its confidential status," e.g., by tape recording. *See Students Against Genocide (SAGE) v. Department of State*, 50 F.Supp.2d 20 (D.D.C. 1999). The Defendant has admitted to the existence of its appeal determination issued by phone. The Plaintiff hereby reasserts that either one or both of the FBI's appeal determinations has been falsified, and is factually incorrect. The Defendant has failed to deny these allegations, and failed to provide any evidence or affidavit to the contrary.

The bad faith actions which the Defendant seeks to avoid answering to are plainly evidenced by exhibits H and I. The FOIA requirements for each agency to which it is subject, are

in fact implemented by the provisions of the Code of Federal Regulations. The Defendant references the CFR in its 06/25/07 determination issued to Plaintiff in writing as a basis of fact for the determination and the official procedure therein-specifically, as a denial of Plaintiff's appeal request that a local field be searched. The Defendant continues to violate those same regulations which govern its procedure under FOIA by not issuing the Plaintiff a written determination of its 08/09/07 appeal. The Defendant stands in bad faith violation of the FOIA for neglecting to fulfill its obligations during the request and appeal process, obstructing the Plaintiff from obtaining a truthful and procedurally correct appeal determination, and attempting to obstruct Plaintiff from seeking judicial review.

The adequacy of the Defendant's search is wholly dependent on the presumption that it conducted that search in good faith, and was procedurally correct. In its simultaneous motions, the Defendant suggests that the Plaintiff's right under the FOIA to a de novo review is replaced solely by the declaration of David. M. Hardy, which the Defendant claims has described the "reasonable and adequate search conducted of FBI records". The facts and supporting evidence presented in this opposition show that contrary to the Defendant's assertions, there are genuine issues of material fact which demonstrate that omissions in Mr. Hardy's declaration render it as having failed to meet the FOIA's requirements of being reasonably detailed enough to show that the Defendant's search was reasonable, adequate, and in good faith, and having failed the FOIA's requirement of it's own good faith.

Mr. Hardy refers to what is termed a "further review" in last paragraph of his declaration, however, as stated, no information regarding this review or the ensuing search was ever provided

to the Plaintiff, and it is inconsistently omitted from accounts of correspondence with the Plaintiff that are stated in the same declaration and in the Defendants motion. Mr. Hardy has also omitted any mention of the determination given by Ms. Lopes, or whether that determination was in fact the result of the same "further review" that he refers to.

## The Defendant's Response and Summary Judgement

The Court has issued an order that the defendants shall file their answer or "responsive motions" in this case on or before November 21, 2007. Usually, motions are not considered as responsive pleadings, *See 11th Circuit-Burns v. Lawther* (1995, CA11 Ala) 53 F3d 1237 (neither motion to dismiss nor motion for summary judgement constitute responsive pleading), and it is certain that a Defendant seeking to dismiss a complaint without having to answer to the claims against it may attempt to do so by filing motions in the same manner as the Plaintiff has in this case. It is therefore unclear to the Plaintiff whether this Court holds the motion(s) filed by the defendant as "responsive" and whether this Court holds the appropriate statements therein as in fact being "pleadings". Rule 56 of Federal Civil Procedure provides that judgement may only be entered where the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no issue of material fact. There is nothing in the FRCP that precludes the Court from considering a verified pleading as an affidavit, and ultimately the extent to which a party may rely on either a pleading or affidavit is governed by the verification requirements of FRCP 56 (e).

Furthermore, while assertions of fact made in a brief, or memorandum of law that seek to raise new issues of fact on a motion for summary judgement may not be considered by the Court in deciding the motion, it remains to the Court's discretion whether admissions made by a party

in a brief or memorandum may be considered as being "admissions on file." Compare *United States v. One Heckler-Koch Rifle* (1980, CA7 Ill) 629 F2d 1250, 60 ALR Fed 293 (although a representation made by counsel in a brief is neither a pleading nor an affidavit, it may be arguably treated as an admission, since it is functionally equivalent to an "admission on file") with *Cole v. Ross Coal Co.* (1957, DC W Va) 150 F Supp 808, affd (CA4 W Va) 249 F2d 600 (admissions made in counsel's briefs cannot be considered on a motion for summary judgement, since briefs are not part of the record).

Should the court consider any of the statements in Defendant's simultaneous motions as pleadings and/or admissions on file, the Defendant will have effectively and legally admitted to the claims stated in Plaintiff's complaint as it has failed to deny, or stated that it lacks the knowledge to respond to them. In such circumstances it is permissible for a court which has treated a motion to dismiss as a summary judgement motion to also grant a sua sponte summary judgement in favor of the party opposing the original motion. *See Peckman v. Thompson* (1992, CA7 Ill) 966 F2d 295, 22 FR Serv 3d 1335. However, in FOIA litigation, where the agency's response presents significant questions as to the good faith and adequacy of its search, discovery is appropriate. The factual basis for discovery should be determined from the agency's affidavits, and upon an agency's motion for summary judgement, discovery should be granted to the Plaintiff where the agency's affidavits are inaccurate or incomplete. *See American Broadcasting Companies, Inc. V. U.S. Information Agency*, 599 F. Supp. 765, 2 Fed. R. Serv. 3d 627 (D.D.C. 1984). Should the Court grant relief in the form of a sua sponte summary judgement, equal provisions for the appropriate discovery would be accessible through Plaintiff's claims for relief.

Fees and Costs

In response to the defendant's assertion that the only claim remaining, besides those listed above, is the fees and costs requested by the Plaintiff, Plaintiff responds in the following:

For the further benefit of public interest, Plaintiff has included Exhibits J and K, which are printouts of the FBI's FOIA instructions from its website, from 07/22/07, and of Department of Justice's FOIA instructions from 07/22/07 (taken from 28 CFR) as they pertain to the FBI, respectively. Both of these pages contained the same instructions at the time of Plaintiff's initial request (verifiable at www.archive.org). It is clearly visible that while the website for the Department of Justice correctly references the CFR on its website, stating that any requests for information from a field office of the FBI must be sent directly to that field office, the FBI's website makes no mention of it. The Defendant therefore neglected to correctly list this crucial component of the CFR on the instructions page of its own website, it then proceeded to cite non-compliance with that exact component of the CFR in its first appeal determination sent to Plaintiff.

As party to a system that was established primarily to hold accountable the actions of government officials-yet seems to claim almost collectively that it is mired not only at the administrative but also the judicial level, with excessive and/or improper requests and or complaints, the fact that the Defendant would have been content for so long to proceed in a manner that has surely resulted in unnecessary secondary requests, misguided litigation, and wasted time and resources, is difficult to understand. As inferred by the Defendant, the "only claim possibly remaining" concerning fees and costs is in fact the least of Plaintiff's concerns;

however, under the FOIA, the awarding specifically of "reasonable attorney fees and other litigation costs reasonably incurred" is a prerequisite for a finding of arbitrariness and capriciousness, and for an investigation by the Special Counsel. The Defendant claims that 5 U.S.C. § 552 (a)(4)(E) "does not authorize the award of fees to a pro se non-attorney plaintiff", however the Court in this Circuit has in fact awarded fees to pro se non-attorney litigants. *See Cox v. Department of Justice*, 601 F.2d 1, 5-6 (D.C. Cir. 1979); *Holly v. Acree*, 72 F.R.D. 115, 116 (D.D.C. 1976), aff'd mem. sub nom; *Holly v. Chasen*, 569 F.2d 160 (D.C. Cir. 1977). Ultimately, the most important factor in the awarding of fees under the FOIA is the benefit of the general public interest, and a Plaintiff's strong personal interest in the documents at issue is not necessarily inconsistent with an equally strong public interest in receiving the documents. *See Cazalas v. U.S. Dept. Of Justice*, 709 F.2d 1051 (5th Cir. 1983). "Overall, the test is whether the disclosure will assist the citizenry generally in making an informed judgement as to governmental operations, and whether the information is likely to add to the fund of information that citizens may use in making vital political choices." *See 15 Fed Proc, L Ed 598.* The Plaintiff therefore requests that upon the granting of appropriate relief by the Court, the attorney's fees and costs awarded to the Plaintiff total no more than $0.01 for the purpose of providing for the necessary requirements of Plaintiff's related claims under the FOIA.

WHEREFORE, plaintiff Martin F. Wiesner requests that the Court deny the defendant's

motion(s), and the Plaintiff be granted the opportunity for necessary discovery, or enter the

appropriate judgement on pleadings and/or admissions on file .


Respectfully submitted,


MARTIN F. WIESNER
1622 N. McKinley Rd. #5
Arlington, VA 22205
(703) 909-5055

## CERTIFICATE OF SERVICE

I CERTIFY that on January 9, 2008, defendants were served with a copy of the foregoing

OPPOSITION TO DEFENDANT FEDERAL BUREAU OF INVESTIGATION'S MOTION TO

DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGEMENT, and supporting

memorandum of points and authorities, in Civil Action No. 07-1599, via first-class mail postage

prepaid and addressed:

United States Attorney General
950 Pennsylvania Ave., N.W.
Washington, DC 20530

Civil Process Clerk
Office of the United States Attorney
555 4th St., N.W.
Washington, DC 20530

Office of General Counsel
Central Intelligence Agency
Washington, DC 20505

Office of General Counsel
Federal Bureau of Investigation
935 Pennsylvania Ave., N.W.
Washington, DC 20535

Martin F. Wiesner
1622 N. McKinley Rd. #5
Arlington, VA 22205
(703) 909-5055

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RECEIVED

JAN - 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MARTIN F. WIESNER

           Plaintiff,

                                  No. 07-1599 (RBW)

    v.

FEDERAL BUREAU OF INVESTIGATION,
et al.,

           Defendants.

---

**NOTICE OF FILING OF EXHIBIT H TO PLAINTIFF'S OPPOSITION TO DEFENDANT
FEDERAL BUREAU OF INVESTIGATION'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGEMENT**

    Plaintiff in the above-captioned case hereby requests the court for notice of filing of

Exhibit H, an audio recording in compact disc format, attached to Plaintiff's OPPOSITION TO

DEFENDANT FEDERAL BUREAU OF INVESTIGATION'S MOTION TO DISMISS OR, IN

THE ALTERNATIVE, FOR SUMMARY JUDGEMENT.

January 9, 2007

                        Respectfully submitted,

                        MARTIN F. WIESNER
                        1622 N. McKinley Rd. #5
                        Arlington, VA 22205
                        (703) 909-5055

CERTIFICATE OF SERVICE

I CERTIFY that on January 9, 2008, defendants were served with a copy of the foregoing

NOTICE OF FILING OF EXHIBIT H TO PLAINTIFF'S OPPOSITION TO DEFENDANT

FEDERAL BUREAU OF INVESTIGATION'S MOTION TO DISMISS OR, IN THE

ALTERNATIVE, FOR SUMMARY JUDGEMENT, in Civil Action No. 07-1599, via first-class

mail postage prepaid and addressed:

United States Attorney General
950 Pennsylvania Ave., N.W.
Washington, DC 20530

Civil Process Clerk
Office of the United States Attorney
555 4th St., N.W.
Washington, DC 20530

Office of General Counsel
Central Intelligence Agency
Washington, DC 20505

Office of General Counsel
Federal Bureau of Investigation
935 Pennsylvania Ave., N.W.
Washington, DC 20535

Martin F. Wiesner
1622 N. McKinley Rd. #5
Arlington, VA 22205
(703) 909-5055

I, Martin F. Wiesner, hereby affirm that I was a party to the telephone conversation of

August 9, 2007, between me and Debbie Lopes, Public Information Officer for the Federal

Bureau of Investigation, in which a determination was issued regarding Martin F. Wiesner's

Freedom of Information Act appeal, denoted by the initial reference No. 06-1837. I also affirm

that the sound recording in compact disc format, attached hereto, and attached to Martin F.

Wiesner's OPPOSITION TO DEFENDANT FEDERAL BUREAU OF INVESTIGATION'S

MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGEMENT filed

in United States District Court for the District of Columbia Civil Action 07-1599, is an exact

record of that conversation and that I am the person identified in that recording as "Martin". I

also affirm that the written transcript attached hereto is an exact record of the afore mentioned

conversation of August 9, 2007, and that I am the speaker identified by the caption "WIESNER",

and referred to in the text of the transcript as "Martin".

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 8, 2008

MARTIN F. WIESNER
1622 N. McKinley Rd. #5
Arlington, VA 22205
(703) 909-5055

EXHIBIT I

# OFFICIAL TRANSCRIPT OF FBI FOIA APPEAL DETERMINATION

RE:  Freedom of Information Act Appeal to the Federal Bureau of Investigation
     Appeal No. 06-1837
     Request No. 1039072

DATE OF DETERMINATION: 08/09/2007

DATE OF MAKING OF THIS TRANSCRIPT: 10/22/2007

PARTIES TO THIS DETERMINATION AND TRANSCRIPT THEREOF:

Debbie Lopes - Information Officer for the FOIA Department of the Federal Bureau of
Investigation

Martin F. Wiesner - Apellant

DENOTATIONS AND DEFINITIONS FOR THE TEXT OF THIS TRANSCRIPT:

For all purposes, definitions, and understanding of this transcript, Debbie Lopes, Information
Officer for the FOIA Department of the Federal Bureau of Investigation, is referred to as
"LOPES".

For all purposes, definitions, and understanding of this transcript, Martin F. Wiesner, appellant in
FBI FOIA appeal No. 06-1837, is referred to as "WIESNER"

For all purposes, definitions, and understanding of this transcript, any audible noises, other than
incidental contact from either speaker with the receivers of either telephone, including breathing,
brushing, etc., is denoted by a description of the noise or noises within parenthesis, denoted as
such: (description of noise)

For all purposes, definitions, and understanding of this transcript, any break or pause in the
conversation, that is agreed to by both parties, is denoted by the approximate time of the
recording indicating the beginning of the break, followed by a dash, followed by the approximate
time indicating the resumption of conversation. The denotations are made within brackets as
follows: [00:00-00:00].

For all purposes, definitions, and understanding of this transcript, each indication of a party
speaking, a noise (as stated in the definition above), or a mutually agreed upon break in
conversation, will begin with this symbol: > If the noise occurs during conversation, such an
indication will be made by a description of the noise (as stated in the definition above), which
immediately follows the speaker's name, parenthesis, i.e.: >WIESNER(beep from phone):

Exhibit b 07-1599

For all purposes, definitions, and understanding of this transcript, occasional utterances by either speaker, such as "uh", "um", have been omitted for clarity.

For all purposes, definitions, and understanding of this transcript, any unintelligible speech is denoted within the text as such: (unintelligible)

For all purposes, definitions, and understanding of this transcript, this call was made by Debbie Lopes, to appellant, on 08/09/07, and recording from which this transcript was made, lasts approximately 14:29, or fourteen minutes and twenty-nine seconds.

EXHIBIT  2  07-1599

-1-

FBI/FOIA Appeal Determination-Wiesner/Lopes     (08/09/07)

>(a single "beep" from WIESNER'S telephone)

>WIESNER: Ok sorry Debbie, go ahead.

>LOPES: That's OK, Um, Martin spel-, Mart-spell your last name for me, I mean is it w-e-I-s-n-e-r?

>WIESNER: Uh, yeah, w-i-e-s-n-e-r.

>LOPES: Ok.

>LOPES: Let's see.

>LOPES: Let me see...it looks like...ok they did-they did another search, the attorney, the appeal attorney-

>WIESNER: Uh-huh.

>LOPES: She advised us to do another search, OK, she said conduct another search for all main files and all cross-referenced files at headquarters and any field office-"if records are located, then direct them to me", OK. So, we did another search-was done, there was no record of any main files or reference files found, and this search covers the headquarters and all our field offices-so that's why they..affirmed our decision saying we don't have any records-for you. That's why a decision was affirmed-did you ever receive your letter from the Department of Justice?

>WIESNER: Umm, I'm not sure exactly what you're trying to tell me, are you telling me that you searched, um, you did a search of your main record systems and all of your field offices prior-

>LOPES:-Yup.

>WIESNER: -prior to sending me a denial of my appeal request?

>LOPES: No, the-OK, your-you sent a, you sent a request back in...let me see, when your...your first request was initially.... last year, right?

>WIESNER: Yeah.

>LOPES: OK, then you appealed it, we don't have anything after the appeal-the appeal was

EXHIBIT I 07-1599

-2-

closed...June the twenty-fifth, 2007-

>WIESNER: Right.

>LOPES: There's nothing after that...um..they're saying, when they did-they searched, after the appeal was opened, the appeal attorney asked us to do another search-

>WIESNER: Right-

>LOPES: Then we did another search-

>WIESNER: You're saying, after I'd spoke to you on the phone, uh, a couple weeks ago, you're appeal attorney advised you to do another search.

>LOPES: No. Um..it looks like, the search was just done-this was just..affirmed in July, so it must, yeah, it must have been afterwards..after we spoke.

>WIESNER(WIESNER'S phone beeps in the background): Well..I want to clarify, um, I understand what you're saying-I personally think it's kind of highly unlikely, and I just want to clarify about the last conversation we did have, because...what I remember you saying specifically was that...a field office was searched, um-

>LOPES: Mmhmm-

>WIESNER: I remember specifically asking you about, you know...your instructions for how, you know, how exactly to file a FOIA request...and you pulled up my file, if I remember, and you said...that a field office had been searched in my initial request, and I stated to you that I didn't see how that could be possible if I didn't specify any field office to be searched in my FOIA request-and then I believed you stated that you weren't exactly sure, and you wanted to contact the appeal attorney.

>LOPES: Yeah, no, it looks like in the first request the only thing they're goin-they're not going to search the field-if you send a request to headquarters, all they're searching for is main files, here at headquarters...and I'm looking at the search slips for your first....let me see, this is for your first initial request, there was a search slip made up on you-no records, were located here at headquarters, OK, we don't check the field offices or cross-reference files unless the person does an appeal-OK, then you appealed this and that's when the appeal attorney (unintelligible) to do another search for all cross reference files, all field office files, and that's when they came up with nothing at all.

>WIESNER: Surely you don't go search every single field office-

>LOPES: No it doesn't work that way-we put your name in-if you're indexed in our, if your

Exhibit I   07-1599

-3-

name's indexed in our indices we don't have to go like-let's check (unintelligible) office, let's check Buffalo's-it doesn't work that way, whenever we put your name in whatever we have in any field office pops up. Whatever, if it's in Atlanta, Georgia, if it's in Florida, a field office-a file will show up for your name-that's how it works.

>WIESNER: Well...I mean, I'd like to believe you but I have a hard time trying to figure out why, I mean in the DOJ's, I mean, code of regulations why they would specify that you have to file your request to one specific field office...I mean that kind of completely contradicts what you're saying.

>LOPES: Well, if you want-if you believe that there's records in a specific field office, then you direct your request to that field office, but, we check the field offices after a person appeals, OK, we're not gonna sit there and just process the records for you. Now, if we do another search, like we did, and we came up with, to say, a New York file, then we would write back to you and say OK, there may be a record for you in our New York field office, you're going to have to direct your request to them-for the records.

>WIESNER: Ok, well, really all I'm worried about is confirming the last conversation we had, and I will be sending you something in writing, also asking you to attest to that, but-

>LOPES: Ok why do-why..so you're thinking that there's a record on you-we're not just giving it to you? I mean, why do you believe there's a record on you?

>WIESNER(with a single beep from WIESNER'S phone): I don't necessarily believe there's a record on me, but I believe there are serious discrepancies in, in the way you're specifying how to make requests, and the way you actually handle your requests, and I mean there's-what you're telling me now over the phone in terms of 'oh yeah', you know, anybody-you're telling me that anybody who files an appeal, automatically gets their records searched through every single FBI field office, now that-

>LOPES: This is not how we-(unintelligible)-we do not sit here and just call a field office: "Do you have any records for this person?", that's not how we operate. We have-our indices are-this is how our indices work: We type your name in, OK, if there's any records in any of the field offices under your name, matching your date of birth and social security number, it's gonna come up, OK. So when they put your name in, nothing comes up, no field office records, no headquarters records.

>WIESNER: Right-

>LOPES: Nothing comes up at all.

>WIESNER: Well, your telling me my name was the only thing that was searched?

EXHIBIT I 07-1599

-4-

>LOPES: Well, what else are we gonna search?

>WIESNER: Well, everything else in my request. Why wouldn't-

>LOPES: What else were you asking for? You were asking us to see if we had any records on you.

>WIESNER: Uh, no, actually the last time I talked to you, you specifically read back everything in my request, there's-

>LOPES: You're appeal? Are you talking about you're appeal, or your initial request?

>WIESNER: Uh, both, I mean I'm assuming you would search all the information in both.

>LOPES: So you're saying the-let me see here.

>WIESNER: When you-the last time I spoke to you on the phone, uh, what you specifically read back to me, the context of what you read back to me, was everything I stated in my initial request-it was my name, it was a website, it was names used on a website.

>LOPES: OK, let me see...hold on for one second.

[7:43-12:12]

> LOPES: Hello, Martin?

>WIESNER: Yes.

>LOPES: I don't want to leave you on hold too long-I'm on the other line talking to one of the appeal attorneys, so if you're going to be around, I'm going to give you call back as soon as I'm finished with him.

>WIESNER: Well, you know what, I'm really not uh, I'm really not too keen on that, you know, I don't mean to be tough but I've had kind of a hard time trying to get a hold of you-

>LOPES: No, I'm going to call you back.

>WIESNER: OK, when will you call me back?

>LOPES: As soon as I'm done talking to him.

>WIESNER: OK.

EXHIBIT I   07-1599

-5-

>LOPES: OK?

>WIESNER: Alright.

>LOPES: Alright, bye-bye.


**End**



Exhibit J 07-1599

U.S. Department of Ju

Federal Bureau of Inve

# FOIA Request Instructions

**ONLINE USERS:**

- If your request is for information concerning an organization, business, investigation, historical event, or incident, you may submit your request online
- FOIA Request Form
  By clicking on "send", your request will be submitted to julia.eichhorst@ic.fbi.gov

**OTHER REQUESTERS:**

- Provide your complete name and mailing address.

  (Telephone, fax, and e-mail addresses are optional.)

- If your request is for information about a third party, you **must** submit his/her notarized authorization, or you may use:
- Privacy Waiver and Certification of Identity Form

  Provide the complete name, date and place of birth, social security number, and any other identifying data that will help locate the information concerning the subject of your request.

  Mail your request to the address listed below.

- If your request is for information concerning a deceased individual, you must provide his/her proof of death in the form of an obituary or Social Security Index page. You should also provide his/her complete name, date and place of birth, social security number, and any other identifying data that will help locate the information.

  This request may be mailed or sent by facsimile (fax) to (540) 868-4995.

- State how much you are willing to pay for duplication fees if any are assessed.
- Mail your request to: Federal Bureau of Investigation

Record Information/Dissemination Section (RIDS)
Service Request Unit, Room 6359
935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535

Exhibit K 07-1599

[Code of Federal Regulations]
[Title 28, Volume 1]
[Revised as of July 1, 2006]
From the U.S. Government Printing Office via GPO Access
[CITE: 28CFR16.3]

[Page 270-271]

TITLE 28--JUDICIAL ADMINISTRATION

CHAPTER I--DEPARTMENT OF JUSTICE

PART 16_PRODUCTION OR DISCLOSURE OF MATERIAL OR INFORMATION--Table of Contents

Subpart A_Procedures for Disclosure of Records Under the Freedom of Information Act

Sec.  16.3  Requirements for making requests.

    (a) How made and addressed. You may make a request for records of the Department of Justice by writing directly to the Department component that maintains those records. You may find the Department's ``Freedom of Information Act Reference Guide''--which is available electronically at the Department's World Wide Web site, and is available in paper form as well--helpful in making your request. For additional information about the FOIA, you may refer directly to the statute. If you are making a request for records about yourself, see Sec.  16.41(d) for additional requirements. If you are making a request for records about another individual, either a written authorization signed by that individual permitting disclosure of those records to you or proof that that individual is deceased (for example, a copy of a death certificate or an obituary) will help the processing of your request. Your request should be sent to the component's FOIA office at the address listed in appendix I to part 16. In most cases, your FOIA request should be sent to a component's central FOIA office. For records held by a field office of the Federal Bureau of Investigation (FBI) or the Immigration and Naturalization Service (INS), however, you must write directly to that FBI or INS field office address, which can be found in most telephone books or by calling the component's central FOIA office. (The functions of each component are summarized in part 0 of this title and in the description of the Department and its components in the ``United States Government Manual,'' which is issued annually and is available in most libraries, as well as for sale from the Government Printing Office's Superintendent of Documents. This manual also can be accessed electronically at the Government Printing Office's World Wide Web site (which can be found at http://www.access.gpo.gov/su--docs).) If you cannot determine where within the Department to send your request, you may send it to the FOIA/PA Mail Referral Unit, Justice Management Division, U.S. Department of Justice, 950 Pennsylvania Avenue, NW., Washington, DC 20530-0001. That office will forward your request to the component(s) it believes most likely to have the records that you want. Your request will be considered received as of the date it is received by the proper component's FOIA office. For the quickest possible handling, you should mark both your request letter and the envelope ``Freedom of Information Act Request.''
    (b) Description of records sought. You must describe the records that you seek in enough detail to enable Department personnel to locate them with a reasonable amount of effort. Whenever possible, your request

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARTIN F. WIESNER

                Plaintiff,

                                    No. 07-1599 (RBW)

      v.

FEDERAL BUREAU OF INVESTIGATION,
et al.,

                Defendants.

_____

### ORDER

Upon consideration of Plaintiff Martin F. Wiesner's OPPOSITION TO DEFENDANT

FEDERAL BUREAU OF INVESTIGATION'S MOTION TO DISMISS OR, IN THE

ALTERNATIVE, FOR SUMMARY JUDGEMENT supporting memorandum of points and

authorities, supporting affidavits and evidence, and the entire record herein, it is hereby

ORDERED that the defendant's motion(s) are DENIED.

It is further ORDERED that the Plaintiff conduct the necessary discovery consistent with

Plaintiff's opposition, and Exhibits H and I therein, in accordance with a schedule to be

determined by the Court.

It is SO ORDERED this _____ day of _____, 2008.


                                      _____

                                      Reggie B. Walton
                                      United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MARTIN F. WIESNER

                Plaintiff,

                                     No. 07-1599 (RBW)

     v.

FEDERAL BUREAU OF INVESTIGATION,
et al.,

                Defendants.

---

<u>ORDER</u>

      Upon consideration of Plaintiff Martin F. Wiesner's OPPOSITION TO DEFENDANT

FEDERAL BUREAU OF INVESTIGATION'S MOTION TO DISMISS OR, IN THE

ALTERNATIVE, FOR SUMMARY JUDGEMENT supporting memorandum of points and

authorities, supporting affidavits and evidence, pleadings and admissions on file, and the entire

record herein, it is hereby ORDERED that the defendant's motion(s) are DENIED.

      It is further ORDERED that judgement shall be entered in favor of the Plaintiff.

      It is SO ORDERED this _____ day of _____, 2008.

                                    _____

                                    Reggie B. Walton
                                    United States District Judge