**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                              )
MARTIN WIESNER,                               )
                                              )
     Plaintiff,      )
                                              )
  v.                                )  Civil Action No. 07-1599 (RBW)
                                              )
FEDERAL BUREAU                                )
OF INVESTIGATION and                          )
CENTRAL INTELLIGENCE AGENCY,                  )
                                              )
     Defendants.      )
                                              )
_____)

**ORDER**

  Martin F. Wiesner, the plaintiff in this civil lawsuit, seeks "the disclosure and release of

agency records" allegedly withheld by the Federal Bureau of Investigation (the "FBI") and the

Central Intelligence Agency pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (2001)

(the "FOIA"). Complaint ¶ 1.  On February 21, 2008, the FBI filed a motion to dismiss the

plaintiff's complaint against it pursuant to Federal Rules of Civil Procedure 12(b)(1) and

12(b)(6) or for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Defendant

Federal Bureau of Investigation's Motion to Dismiss or, in the Alternative, for Summary

Judgment at 1.  Pursuant to this Court's local rules, the FBI attached a statement of material facts

not in genuine dispute to its motion.  See Local Civ. R. 7(h) ("Each motion for summary

judgment shall be accompanied by a statement of material facts as to which the moving party

contends there is no genuine issue . . . .").  Although the plaintiff has filed an opposition to the

FBI's motion, he has not filed a statement of material facts in genuine dispute as required by

Local Civil Rule 7(h).  See id. (stating that a party's opposition to a motion for summary judgment "shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue to be litigated, which shall include references to the parts of the record relied on to support the statement.").

In accordance with Local Civil Rule 7(h), the Court "may assume that facts identified by the moving party in its statement of material facts are admitted[] unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."  Id.  If, as appears to be the case here, the party opposing summary judgment files no statement of facts in genuine dispute, the Court may therefore treat as admitted all of the facts in the movant's statement of material facts not in genuine dispute.  The Court's inquiry would then be narrowed to whether the facts stated by the moving party compel summary judgment in the movant's favor as a legal matter.

However, the Court recognizes that the plaintiff, who is representing himself pro se, may not be familiar with the requirements of Local Civil Rule 7(h).  The Court will therefore grant the plaintiff an additional thirty days to file a statement of material facts in genuine dispute that conforms to the requirements of Local Civil Rule 7(h).  If, however, the plaintiff fails to respond to the FBI's statement of facts by that time, the Court will not hesitate to treat the FBI's statement as admitted and rule on the FBI's motion on the assumption that the facts stated by the FBI are accurate.

It is therefore

**ORDERED** that the plaintiff shall file his statement of material facts in genuine dispute in conformance with Local Civil Rule 7(h), if any he intends to file, on or before April 7, 2008.

2

**SO ORDERED** this 7th day of March, 2008.


REGGIE B. WALTON
United States District Judge