UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARTIN F. WIESNER

                Plaintiff,

                                                        No. 07-1599 (RBW)

v.

FEDERAL BUREAU OF INVESTIGATION,
et al.,

                Defendants.

---

## STATEMENT OF MATERIAL FACTS AS TO WHICH IT IS CONTENDED THERE IS A GENUINE ISSUE TO BE LITIGATED

Due to the exceedingly evasive nature of the Defendant's memoranda, statements, and affidavits, Plaintiff is unable to file any statement in "dispute" of the Plaintiff's "Statement of Material Facts as to Which There is No Genuine Dispute" (SMINGD). However, the Plaintiff hereby incorporates all the facts stated herein as "material facts as to which it is contended there exists a genuine issue to be litigated" in accordance with Local Rule 7(h).

The only statement made by the Defendant in its SMINGD that the Plaintiff did not itself state in its complaint is "Statement No. 2", which avers that no responsive documents were located by the Defendant in its initial search and the "courtesy" search of ELSUR files upon Plaintiff's appeal. Statement No. 2 does not include all of the events that occurred during Plaintiff's appeal. Although it has readily admitted in statements outside of the SMINGD that the appeal determination given by Defendant did in fact occur, the Defendant is unwilling to

RECEIVED
APR - 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

include those facts in the SMINGD. Along with other factual incosistencies that differ with the first written determination, Ms. Lopes averred that *all* of the FBI's field offices were somehow searched after receiving Plaintiff's initial appeal letter. This crucial fact is especially important in FOIA cases involving the FBI yet no mention of it can be found in the Defendant's exhibits, statements, affidavits, or memoranda. Furthermore, no written determination containing these facts was ever issued to the Plaintiff.

Mr. Hardy's sworn declaration, which claims to support the material facts regarding the events that occurred, makes specific reference to the FBI's procedure that governs the search of "cross-references". Mr. Hardy's sworn declaration also makes specific reference to the fact that although the Plaintiff did not request such a search, upon "further review" such a search did take place. The only mention of any search for "cross-references" that was provided to the Plaintiff was through the appeal determination given by Debbie Lopes. The Defendant has therefore used as a *sworn legal defense* facts that seem only to reference the determination given by Ms. Lopes, and were never provided to the Plaintiff in any written form.

Without accounting fully binding appeal determination given by Ms. Lopes in its SMINGD, or it's affidavits, it is impossible for the Plaintiff to file any statement to this Court regarding the merits of "Statement No. 2". However, Plaintiff hereby reasserts that although the Defendant has clearly referenced in it's various memoranda that the appeal determination issued by Debbie Lopes actually occurred as stated, the Defendant's representations to this Court consist only of distortions and omissions of fact which still do not provide a factual written account of that determination as is its obligation under FOIA and the Code of Federal Regulations. These

distortions and omissions also fail to deny or address the claims made to this Court that as far as can possibly be ascertained by Plaintiff without judicial review and discovery, either one or both of the appeal determinations issued by the defendant has been falsified.

Through the filings made with this Court by Mr. Interrante, this Defendant has asserted that the transcript of Debbie Lopes' appeal determination is a "rough copy" that was only made available to the Defendant at the time of Plaintiff's previous filing with the Court. Although Mr. Interrante has in fact contacted the Plaintiff numerous times via telephone, which he has clearly evidenced to the Court, neither the Lopes determination, nor Plaintiff's claims of evidence thereof was ever discussed or requested. Additionally, the Defendant has not offered any factual information as to how that transcript could possibly be more accurate.

Respectfully submitted,

MARTIN F. WIESNER
1622 N. McKinley Rd. #5
Arlington, VA 22205
(703) 909-5055

CERTIFICATE OF SERVICE

I CERTIFY that on April 4, 2008, defendants were served with a copy of the foregoing STATEMENT OF MATERIAL FACTS AS TO WHICH IT IS CONTENDED THERE EXISTS A GENUINE ISSUE TO BE LITIGATED, in Civil Action No. 07-1599, via first-class mail postage prepaid and addressed:

United States Attorney General
950 Pennsylvania Ave., N.W.
Washington, DC 20530

Civil Process Clerk
Office of the United States Attorney
555 4th St., N.W.
Washington, DC 20530

Office of General Counsel
Central Intelligence Agency
Washington, DC 20505

Office of General Counsel
Federal Bureau of Investigation
935 Pennsylvania Ave., N.W.
Washington, DC 20535

Martin F. Wiesner
1622 N. McKinley Rd. #5
Arlington, VA 22205
(703) 909-5055